## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Robert Allen Briscoe, Jr., | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv750 (LO/IDD) |
| | ) | |
| Randall Mathena, | ) | |
| Respondent. | ) | |

FILED

AUG 1 3 2013

CLERK, U~~         ~~URT
ALEX~~          ~~A

### MEMORANDUM OPINION

Robert Allen Briscoe, Jr., proceeding through counsel, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

first degree murder and other offenses in the Circuit Court of Prince William County, Virginia.

On September 17, 2012, respondent filed a Motion to Dismiss the petition, accompanied by a

supporting memorandum of law and exhibits. On September 26, 2012, petitioner submitted a

reply. Accordingly, the matter is now ripe for disposition. After careful review, the petition

must be dismissed with prejudice as barred by the statute of limitations.

### I. Background

On April 2, 2008, following a bench trial, Briscoe was convicted of first degree murder,

attempted murder, robbery, attempted robbery, and four (4) counts of use or display of a firearm

in the commission of a felony. On July 23, 2008, he received an aggregate sentence of ninety-

three (93) years incarceration, with thirty (30) years suspended. Case Nos. CR05069292 -

CR05069297, CR05069356 - CR05069357; Resp. Ex. 1.

Briscoe took a direct appeal to the Court of Appeals of Virginia, challenging the

sufficiency of the evidence to sustain the murder, attempted murder, and attempted robbery convictions. A single judge of that Court denied the petition for appeal in a *per curiam* opinion. Briscoe v. Commonwealth, R. No. 1982-08-4 (Va. App. Mar. 11, 2009); Resp. Ex. 3. A three-judge panel subsequently refused Briscoe's petition for further review. On December 11, 2009, the Supreme Court of Virginia likewise refused Briscoe's petition for appeal. Briscoe v. Commonwealth, R. No. 091352 (Va. Dec. 11, 2009); Resp. Ex. 4.

On December 6, 2010, Briscoe submitted a pro se petition for a state writ of habeas corpus to the Supreme Court of Virginia, arguing that he had received ineffective assistance of trial counsel for several reasons and that the admission into evidence of his two confessions was erroneous.[1] The petition was denied and dismissed on November 4, 2011. Briscoe v. Dir., Dep't of Corrections, R. No. 102355 (Va. Nov. 4, 2011); Resp. Ex. 5.

Briscoe then turned to the federal forum and filed the instant application for § 2254 relief on July 10, 2012, reiterating two of the claims of ineffective assistance he raised in his state habeas corpus proceeding, and adding three more. Respondent has moved to dismiss the petition on the grounds that it is time-barred, that the three newly-urged claims are procedurally defaulted, and that the two exhausted claims are without merit. Petitioner has filed a reply.

---

[1]A pleading submitted by an incarcerated litigant acting pro se is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, Briscoe's state petition was signed and notarized on December 6, 2010, and in the absence of evidence to the contrary it is assumed that the petition was placed in the prison mail system that same day. The Clerk of the Supreme Court of Virginia received the petition on December 14, 2010. Dkt.10, Pet. at 1, 6.

## II. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, Briscoe's convictions became final on March 9, 2010, ninety days after the Supreme Court of Virginia refused his petition for direct appeal.[2]

In calculating the § 2244 limitations period, the Court must exclude the time during which properly-file state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, after petitioner's convictions became final on March 9, 2010, two hundred seventy (270) days passed until he filed his state habeas corpus application on December 6, 2010. The § 2244 limitations period was tolled by the pendency of that proceeding until November 4, 2011, when the Supreme Court of Virginia denied relief. From that date until July 10, 2012, when this federal petition was filed, an additional two hundred forty seven (247) days passed. When these days are combined they establish that the instant petition was filed one hundred fifty two (152) days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that

---

[2]See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

the statute of limitations does not apply or should otherwise be tolled.

In his reply to the respondent's Motion to Dismiss, Briscoe argues that the petition is not time-barred, because the one-year limitations period began to run from November 4, 2011, when the Supreme Court of Virginia refused his petition for a writ of habeas corpus. In this, he is simply mistaken. The plain language of § 2244(d)(1) provides in relevant part that the one-year limitations period begins to run when "the judgment [of conviction] becomes final," rather than when any state collateral proceedings are concluded. Thus, federal courts look to the date on which a state conviction is affirmed on direct review, rather than to the date a state court denies collateral relief, as the date on which the custody judgment becomes final for purposes of computing the limitations period. Wade v. Robinson, 327 F.3d 328, 333 n. 4 (4th Cir.), cert. denied, 540 U.S. 912 (2003).

Petitioner's suggestion that a Virginia collateral proceeding should be viewed as part of the direct appeal process is simply inaccurate, as such a proceeding by definition amounts to collateral review. The term "collateral review" denotes a proceeding separate and distinct from that in which the original judgment was rendered, in which the petitioner or movant challenges the lawfulness of the original judgment. Walkowiak v. Haines, 272 F.3d 234, 237 (4th Cir. 2001). Black's Law Dictionary (7th ed., 1999) defines collateral attack as "[a]n attack on a judgment entered in a different proceeding." Since § 2244(d)(2) provides that the limitations period is tolled during the pendency of properly-filed state collateral proceedings, it is apparent that the drafters of the statute recognized the distinction between direct appeal and collateral review, and intended the two to impact differently on the timeliness of a federal habeas corpus proceeding. Under these circumstances, petitioner's suggestion that the federal limitations period

4

should be triggered only at the conclusion of state collateral proceedings is without merit. See

Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (rejecting habeas petitioner's argument

that limitations period did not begin until termination of state postconviction proceedings, and

holding that the period instead commences "upon conclusion of direct review of a judgment of

conviction").

Petitioner in this case does not argue, much less demonstrate, that it "would be

unconscionable to enforce the limitation period against [him or that] gross injustice would

result," Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), and he neither suggests nor offers

evidence sufficient to establish that he is actually innocent of the offenses for which he was

convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244

(4th Cir. 1999). Accordingly, this petition is time-barred from federal consideration, and must be

dismissed. Respondent's alternate arguments regarding procedural default and the merits of

petitioner's claims consequently need not be addressed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition

will be dismissed with prejudice as time-barred. An appropriate Order shall issue.

Entered this _____ 13ᵗʰ _____ day of _____ August _____ 2013.

Alexandria, Virginia

_____ /s/ _____
Liam O'Grady
United States District Judge

5